In the Matter of the Claim of LEO N. MCCANN, Respondent, v. CITY OF NEW YORK, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the self-insured employer from a decision of the Workmen's Compensation Board, dated April 21, 1965 which granted an award to the claimant for the occupational disease of Dupuytren's contracture. The claimant had been employed by the appellant since early 1961 as a

tractor operator. His work involved the operation of motorized equipment and particularly bulldozers which required the constant grasping of levers with his hands. He had been doing this type of work for about 25 years. It appears that he was first made aware of this Dupuytren's contracture in January of 1961 when he was examined by the board doctor in regard to a cut on his thumb. The board found "that the claimant has an occupational Dupuytren's contracture condition causally related to his work activities as a crane and tractor operator for the City of New York, and that the claim is not barred under the time limitations of Section 40 of the Workmen's Compensation Law, as there was continued exposure to the disease in the employment." The appellant contends that the claimant's disability was not an occupational disease because there is no link between the disability and the nature of his employment by it. Both the appellant's doctor and the claimant's doctor testified that claimant's employment by the appellant did adversely affect the claimant's condition. In *Matter of Cannon* v. *Terry Contr.* (20 A D 2d 740, 741), it was determined that an aggravation of a pre-existing Dupuytren's contracture condition in the last employment will confer liability on the last employer. The appellant further contends that the claim was not made within one year after contracting the disease and therefore was not timely filed as required by section 40 of the Workmen's Compensation Law. As to this issue, it has been established that aggravation in the last employment is the equivalent of contraction as that word is construed in section 40 of the Workmen's Compensation Law. (*Matter of Morrocco* v. *Mohican Stores*, 17 A D 2d 684, affd. 13 N Y 2d 1015; *Matter of Cannon* v. *Terry Contr.*, *supra.*) The question of apportionment among employers under section 44 of the Workmen's Compensation Law does not arise until the liability of the appellant is finally determined. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur with Herlihy, J.